IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) Case No: 16 C 50016 |
| v. | ) |
| | ) Judge Philip G. Reinhard |
| Tracy D. Shipman, | ) |
| Defendant. | ) |

## ORDER

For the following reasons, defendant's 28 U.S.C. § 2255 motion [1] is denied. The court declines to issue a certificate of appealability.

## STATEMENT-OPINION

**Procedural history**

On January 27, 2016, defendant Tracy D. Shipman filed a motion challenging his sentence under 28 U.S.C. § 2255 [1].[1] On April 6, 2016, the court stayed this matter pending relevant decisions from the Seventh Circuit [12]. The court lifted the stay on March 10, 2017, following the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017) [18]. After the court ordered supplemental briefing regarding the Supreme Court's decision in *Beckles*, on November 20, 2017, the court ruled defendant's motion untimely and granted a certificate of appealability [27]. Defendant appealed and the Seventh Circuit vacated the court's order and remanded the matter on June 5, 2019. *Shipman v. United States*, 925 F.3d 938 (7th Cir. 2019). On July 9, 2019, the court ordered the parties to file memoranda in response to the Seventh Circuit's remand [35]. The issue is now fully briefed and ready for the court's review.

**_Shipman v. United States_, 925 F.3d 938 (7th Cir. 2019)**

In defendant's appeal to the Seventh Circuit of the dismissal of his § 2255 petition as untimely, he argued his sentence under the then-mandatory sentencing guidelines categorized him as a career offender based on two prior convictions of "crimes of violence" under the unconstitutionally vague residual clause. Following its decision in *Cross v. United States*, 892 F.3d 288 (7th Cir. 2018), which was decided pending defendant's appeal, the Seventh Circuit agreed that *Cross* impacted defendant's argument that his

---

[1] According to the Federal Bureau of Prisons' website, defendant (registration number 12369-424) is currently housed in a residential reentry center in Dallas, TX, with a release date of December 13, 2019. *See* https://www.bop.gov/inmateloc (last visited October 21, 2019).

petition was timely. *Cross* held that under *Johnson v. United States*, 135 S.Ct. 2551 (2015), the guideline's residual clause is unconstitutionally vague regarding mandatory sentencing ranges for pre-*Booker* defendants. Therefore, defendant's challenge to his career-offender enhancement under the mandatory guidelines residual clause was timely.

The court next assessed whether it could resolve the case on the merits. First, the court looked at defendant's residual clause challenge. Defendant argued his Arkansas burglary convictions (which formed the basis for his career-offender status) no longer fit under the residual clause. The government argued defendant failed to raise this vagueness challenge when he was sentenced in 2003, therefore, the claim was procedurally defaulted. However, the Seventh Circuit found that, under *Cross*, a defendant sentenced under the residual clause can demonstrate cause and prejudice to excuse procedural default. *Cross*, 892 F.3d 294-96 ("A petitioner may…overcome procedural default by showing cause for the default and actual prejudice."). Next, the court stated that *Johnson* and *Cross* "are of no help to [defendant] unless he was sentenced under the residual clause." *Shipman*, 925 F.3d at 943. Defendant must still assert that his sentence was dictated by the unconstitutionally vague language of the mandatory residual clause. The court then noted it could not make that determination because the district court did not reach the issue. "Without knowing which provision the district court relied on to classify Shipman as a career offender, we cannot assess the merits of Shipman's claim under *Johnson* and *Cross*." *Id*.

Second, the court addressed defendant's claim that his Arkansas burglary convictions did not qualify under the guideline's enumerated-offenses clause. The court noted the Arkansas burglary statute in effect at the time of defendant's convictions included vehicles as "occupiable structures." Defendant argued that since the Arkansas burglary statute included vehicles, it was not generic and therefore did not qualify as a crime of violence. The government responded by arguing that defendant's grounds for attacking his career-offender status were available to him at the time of his sentencing and within the one-year statute of limitations required by § 2255. The government further argued there has been no change in the law. Again, the Seventh Circuit stated that the district court must explain defendant's career-offender designation in order to address this argument.

**Analysis**

After holding that defendant's § 2255 petition challenging his career-offender enhancement under the mandatory guidelines residual clause was timely (pursuant to the court's ruling in *Cross*), the Seventh Circuit considered this matter on the merits. However, the court held it was unable to make any determination of the case on the merits because the district court did not specifically state at sentencing whether defendant's Arkansas burglary convictions (which formed the basis for his career-offender status) rested on the residual clause or the enumerated-offenses clause. Defendant suggests the court should narrow its inquiry to a determination of whether the burglary convictions qualify as enumerated-offenses. However, the court reads the Seventh Circuit's opinion to direct the court to make a determination whether defendant was sentenced under the residual clause or the enumerated-offences clause.

For clarification, in 2003, when defendant was sentenced, the career offender provision of U.S.S.G. § 4B1.2(a)(2) included an offense under federal or state law, punishable by imprisonment of at least one year that "is a burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." This section included both the enumerated-offenses clause (the first part), and the residual clause (beginning with "or otherwise…").

The court has carefully reviewed the record, including the presentence investigation report, reports regarding the underlying Arkansas crimes, defendant's statement, transcripts from the sentencing hearing (which took place over the course of three days), the court's notes, and defendant's plea agreement with the government (wherein defendant admits to his career-offender status). The court specifically notes that defendant was given an opportunity to object to any portion of the presentence report and he took advantage of that and objected to several areas of the report. He did not, however, object to his career offender status – made possible by his two Arkansans convictions. The record is replete with references to defendant's Arkansas convictions specifically as "residential burglaries." The factual basis for the burglaries provides how defendant gained access into multiple "residences" and stole firearms and other items of value. While not explicitly stated in the presentence report or by the court at the time, now taking all the details of the record into consideration, the court finds defendant's career offender status at sentencing in 2003, was based on a finding of defendant's Arkansas convictions as "crimes of violence" under the enumerated-offenses clause ("burlar[ies] of dwelling[s]") in U.S.S.G. § 4B1.2(a)(2). Moreover, no reference is made of the "residual clause" during the entire proceedings at sentencing by anyone. If the residual clause was involved, the practice at the time (and presently) would have been to specially refer to it.

Because the court finds defendant's prior convictions were considered under the enumerated-offenses clause and not the residual clause, defendant is foreclosed from relief under *Johnson*. As noted in *Cross*, "[u]nder *Johnson*, a person has a right not to have his sentence dictated by the unconstitutionally vague language of the mandatory residual clause." *Cross*, 892 F.3d at 294 (emphasis omitted). However, separate and apart from defendant's argument that he was sentenced under the residual clause for the opportunity for relief under *Johnson*, defendant also argues his Arkansas convictions do not qualify under the sentencing guidelines enumerated-offenses clause. He argues that since the Arkansas burglary statute (at the time of his sentencing) included "vehicles," it could not be considered a "generic crime" (as it was broader than the Supreme Court definition of "generic burglary") and, therefore, did not qualify as a crime of violence. On this point, the court agrees with the government that the opportunity for defendant to attack his career offender status designation was available to him at the time of sentencing. From the record, defendant (represented by competent counsel) clearly knew and understood his prior Arkansas convictions of "residential" burglary were being used to categorize him as a career offender. Therefore, defendant was afforded the opportunity to challenge his conviction and sentence through a § 2255 petition within the applicable time period. Defendant cannot now seek relief.

For the above stated reasons, the court denies defendant's motion pursuant to 28 U.S.C. § 2255

**Certificate of Appealability**

Finally, pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings For the United States District Courts, the court declines to issue a certificate of appealability. A certificate may issue only if defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court finds that while defendant has attempted to raise constitutional claims through his motion for relief under § 2255, his claims are without merit and the court does not find that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted). As such, the court declines to issue a certificate of appealability. This matter is terminated.

Date: 10/28/2019          ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)